UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN HENDERSON,

    Plaintiff,

v.

SPEEDWAY LLC,

    Defendant.

_____/

Case No. 2:24-cv-12552

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT [16]**

Plaintiff Ryan Henderson slipped and fell on black ice at a gas station that Defendant Speedway owned around 6:30 a.m. on March 7, 2023. ECF No. 1-2, PageID.14; ECF No. 17, PageID.167–169. Because of the fall, Henderson sued Speedway. After the close of discovery, Speedway moved for summary judgment and argued that Henderson lacked evidence that Speedway knew or should have known about the black ice. ECF No. 16. The Court agrees and will grant the motion.[1]

## BACKGROUND

On March 7, 2023, Henderson stopped at a Speedway gas station in Warren, Michigan on his way to work. ECF No. 17, PageID.167. The time was around 6:30 a.m., and the parking lot was dark. *Id.* at PageID.167, 169. Henderson went into the store and bought a few items. *Id.* at PageID.167. Then, on his way back to the vehicle,

---

[1] Based on the parties' briefing, the issues are clear. Accordingly, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2); Practice Guidelines for Judge Stephen J. Murphy, III.

1

he slipped and fell on an icy curb. *Id.* Before his fall, Henderson noticed that the ground was wet and that it lacked any snow or salt. *Id.* at PageID.169. But he did not realize that there was a three-foot by six-foot patch of ice on the ground. *Id.* at PageID.186. According to historical weather data, before the fall, the temperature had hovered near freezing and it had recently rained. *Id.* at PageID.216–217.

Because of the fall, Henderson's foot was badly injured. A couple weeks after, he had surgery, spent weeks in a cast, and spent months in a boot. *Id.* at PageID.176–177. He was unable to work from March 2023 through June 2023. *Id.* at PageID.182.

## LEGAL STANDARD

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). When it considers a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Speedway argued that Henderson's premises liability claim "fails as a matter of law because he cannot prove that Speedway had actual or constructive notice of the black ice on which [he] allegedly slipped." ECF No. 16, PageID.114. Because there is no evidence in the record about when the ice formed, the Court agrees. The Court will first explain the law regarding wintry slip and falls in Michigan. Then, it will explain why Henderson failed to point to sufficient evidence under Rule 56 and why he is not entitled to an adverse inference based on missing video surveillance footage from the gas station.

Businesses have "a duty 'to use reasonable care to protect against hazards arising from natural accumulation of ice and snow.'" *Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 149 (2023) (quoting *Quinlivan v. Great Atl. & Pac. Tea Co.*, 395 Mich. 244, 248 (1975)).[2] They must take "reasonable measures . . . within a reasonable time after an accumulation of ice and snow to diminish the hazard of the injury to the invitee." *Id.* at 150 (quoting *Quinlivan*, 395 Mich. at 261).

---

[2] After the Michigan Supreme Court's decision in *Kandil-Elsayed*, "it is no longer appropriate to consider the open and obvious nature of a danger when determining whether a land possessor owed a legal duty to the plaintiff." *Mast v. Speedway LLC*, No. 1:24-cv-106, 2025 WL 669505, at *3 (W.D. Mich. Mar. 3, 2025).

3

Here, the parties do not dispute that Henderson was an invitee on Speedway's premises when he slipped on the black ice. Speedway, therefore, owed Henderson a duty to exercise reasonable care to protect him from an unreasonable risk of harm caused by dangerous, wintry conditions on the property. *See id.* at 148.

But that still leaves the issue of breach, and to resolve that question, the Court must determine whether Speedway had actual or constructive notice of the dangerous condition. *See Narlock v. Wimbish*, No. 365220, 2023 WL 8867953, at *3 (Mich. Ct. App. Dec. 21, 2023). "Michigan law does not require [a plaintiff] to have personal knowledge of how long the dangerous condition existed, but [a plaintiff] does have to present some affirmative evidence that points to the condition having existed for more than mere seconds." *Guthre v. Lowe's Home Ctrs., Inc.*, 204 F. App'x 524, 527–28 (6th Cir. 2006) (affirming grant of summary judgment based on lack of evidence regarding notice in slip and fall case).

Henderson mostly argued that Speedway had constructive notice of the ice. *See* ECF No. 17, PageID.153. In support, he cited weather data and his own testimony. *Id.* Henderson's evidence, however, is not enough.

Consider the weather data. Michigan courts have held that, in slip and fall cases, "weather data is insufficient to establish actual or constructive knowledge of a dangerous condition." *Hargrave v. Oak Park Partners, LLC*, No. 366643, 2025 WL 1441459, at *4 (Mich. Ct. App. May 19, 2025). For constructive notice, Henderson needs to point to some evidence suggesting "that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have

4

discovered it." *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 11–12 (2016). But even if the temperature was hovering around freezing in the early morning of March 7, 2023, ECF No. 17, PageID.215–217, historical weather data is not enough to show when the ice formed. *See Altairi v. Alhaj*, 235 Mich. App. 626, 640 (1999) (holding that an affidavit from a meteorologist about local weather conditions was insufficient to show that defendant knew or should have known about ice under snow).[3]

Henderson's testimony does not create a genuine issue of material fact. The testimony is certainly sufficient to establish that, at 6:30 a.m., there was ice at the gas station. But Henderson's testimony says nothing about whether *Speedway* had notice (actual or constructive) of the ice. *See* ECF No. 16. He also testified that he had no evidence of when the ice formed. ECF No. 16-2, PageID.137.

When plaintiffs have pointed to evidence that black ice existed for a longer period of time, Michigan courts have denied summary judgment. For example, in *Mast v. Speedway*, the court denied summary judgment because ice "could have formed up to a week or two before [the plaintiff] fell, which is sufficient time for a reasonable premises owner to discover [the ice]." No. 1:24-cv-106, 2025 WL 669505, at *5 (W.D. Mich. Mar. 3, 2025). Here, however, there is no evidence that the ice was present on the ground from "an ice and snow storm that occurred a week or two earlier." *Id.* at *1. In fact, there is no evidence about when the ice formed. Maybe the

---

[3] According to the records, the lowest temperature on the day in question was 33 degrees—one degree above freezing. ECF No. 17, PageID.216. Because the temperature did not reach freezing, the records do not actually indicate when the ice formed.

5

question would be closer if Henderson slipped in the comparatively warmer afternoon. But, on these facts, a jury could not "reasonably conclude that Speedway did not take reasonable measures within a reasonable time to diminish the risk of injury" at 6:30 a.m. *Id.* at *5.

Henderson cited two Michigan cases discussing notice, but each is distinguishable. *See* ECF No. 17, PageID.155–156. First, in *Gray v. Red Lobster Hospital, LLC*, some evidence suggested that the restaurant had *actual notice* of grease on the floor before a customer slipped and fell, so summary judgment was inappropriate. No. 357165, 2022 WL 2760360, at *2 (Mich. Ct. App. July 14, 2022). By contrast, there is no evidence here that Speedway had actual notice of the black ice. Second, in *Eggerton v. Detroit Hotel Servs., LLC*, a women tripped and fell over an upturned piece of metal on the floor of a hotel ballroom. No. 360251, 2022 WL 17874400, at *1 (Mich. Ct. App. Dec. 22, 2022). Several nearby metal pieces were taped down at the time of the accident, so upturned pieces of metal "were known to be a safety hazard" at the hotel. *Id.* at *4. Accordingly, there was a genuine dispute of material fact as to whether the hotel had constructive notice of the hazard. *Id.* Here, however, the patch of black ice was not a continuous risk like the upturned pieces of metal that would have put Defendant on actual or constructive notice.

Henderson thus failed to cite any materials in the record to suggest that Speedway knew or should have known about the ice. Without such evidence, it would be pure conjecture to find that Speedway had constructive notice of the ice. Because Henderson's evidence is insufficient to establish an essential element of his claim

6

(actual or constructive notice), the Court need not consider evidence of Speedway's inspection efforts. *See Saad v. Menards, Inc.*, No. 22-cv-11833, 2024 WL 1349306, at *12 (E.D. Mich. Mar. 29, 2024) (discussing *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1 (2016) and its progeny).

Still, Henderson argued that Speedway "failed to preserve video of the incident," so he should get consideration by the Court of an adverse inference. ECF No. 17, PageID.157. With an adverse inference, the argument goes, the Court should deny summary judgment.

For spoliation, Henderson needs to prove that: "(1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to her claims." *Spalding v. Eaton County*, No. 1:18-cv-819, 2021 WL 11442618, at *14 (W.D. Mich. Apr. 26, 2021). Henderson struggles with the second element.

Here, Speedway *did* preserve video evidence. After Speedway received notice of the incident, it reached out to Henderson's counsel, whose office said that Henderson fell exiting the gas station on March 7, 2023 around 3:30 p.m. ECF No. 18-4, PageID.309. Speedway preserved relevant video from the afternoon. *Id.* But, more than a year later, Henderson's story changed. *Id.* He stated that the fall apparently occurred at 7:00 a.m. rather than 3:30 p.m. *Id.* By then, the morning footage had been recorded over. *Id.* And Henderson flip-flopped again. In his interrogatory responses, he again said that he fell at 3:30 p.m. ECF No. 18-5, PageID.313. Finally, in his

7

deposition, Henderson testified that the afternoon time was incorrect and that he actually fell in the morning at 6:30 a.m. ECF No. 17, PageID.182.

In short, there is no evidence to suggest that Speedway destroyed evidence with a culpable mind. Rather, the evidence suggests that *Henderson's* team several times provided incorrect information and, as a result, Speedway preserved the wrong video footage. Speedway is not responsible for Henderson's mix-up that continued into 2025, two years after the accident. ECF No. 18-5, PageID.313, 329. Without evidence of a culpable state of mind, an adverse inference is not appropriate. *See* Fed. R. Civ. P. 37(e). And without an adverse inference, Speedway is entitled to summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary judgment [16] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: September 15, 2025